UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RICO D. GRIFFITH, | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:10CV926 JCH |
| | ) |
| U.S. BANK, N.A., | ) |
| | ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Dismiss Count IV of the Complaint and Motion to Remand, both filed June 11, 2010. (Doc. Nos. 9, 10). The motions are fully briefed and ready for disposition.

By way of background, Plaintiff filed his original Petition for Damages in this matter in the Circuit Court of the City of St. Louis, Missouri, on or about April 15, 2010. (Petition for Damages, attached to Defendant's Notice of Removal as Exhibit A (hereinafter "Complaint"). In his Complaint, Plaintiff alleges Defendant allowed unauthorized withdrawals from his bank account (Count I); wrongfully issued an electronic withdrawal card (Count II); acted negligently by allowing the funds referenced in Counts I and II to be withdrawn from Plaintiff's account (Count III); and committed an "intentional wrongful act," by closing a second account Plaintiff held with Defendant and retaining the money for itself (Count IV). In his prayer for relief, Plaintiff requests judgment against Defendant in the amount of $45,200 for Count I, $4,090.13 for Count II, $49,290.13 for Count III[1], and $4,550

---

[1] The parties apparently agree that the damages sought in Count III are duplicative of those requested in Counts I and II.

for Count IV. Plaintiff further seeks interest on the damages for all counts, and punitive and exemplary damages for Count IV only.

On May 20, 2010, Defendant U.S. Bank National Association removed Plaintiff's action to this Court, claiming diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. (Doc. No. 1). As stated above, Plaintiff filed a Motion to Dismiss Count IV of the Complaint on June 11, 2010, asserting that because Count IV alleges the equivalent of an action for conversion of funds, it must be dismissed for failure to state a claim for relief or punitive damages. (Doc. No. 9). Plaintiff filed his Motion to Remand the same day, asserting that absent the claim for punitive damages in Count IV, Plaintiff's actual damages total $53,840.13, an amount well below the jurisdictional threshold. (Doc. No. 10).

## DISCUSSION

"It is well settled that on a Motion to Remand, the burden of establishing federal subject matter jurisdiction lies with the removing party." Rolwing v. NRM Corp., 2005 WL 1828813 at *2 (E.D. Mo. Aug. 2, 2005), citing In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1991). The amount in controversy requirement of diversity jurisdiction is strictly construed, and all doubts concerning federal jurisdiction are resolved in favor of remand. Id. The burden thus falls on Defendant here, as the party invoking federal jurisdiction, to show by a preponderance of the evidence the claims originally asserted by Plaintiff could, that is might, legally satisfy the amount in controversy requirement. James Neff Kramper Family Farm Partnership v. IBP, Inc., 393 F.3d 828, 831 (8th Cir. 2005). See Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002) ("The jurisdictional fact in this case is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are: In other words, an amount that a plaintiff claims is not 'in controversy' if no fact finder could legally award it.").

In its Notice of Removal, Defendant concedes that Plaintiff seeks actual damages in the amount of $53,840.13. (Notice of Removal, ¶ 4). To support its claim that the jurisdictional amount is met, Defendant notes Plaintiff further seeks punitive damages in Count IV of his Complaint. (Id.). Upon consideration, however, the Court agrees with Plaintiff that a fact finder legally could award neither actual nor punitive damages for Count IV, as under Missouri law a claim for conversion does not lie for the taking of money, only for the taking of chattel. See Perez v. Boatmen's Nat. Bank of St. Louis, 788 S.W.2d 296, 299 (Mo. App. 1990); Gadberry v. Bird, 191 S.W.3d 673, 675 (Mo. App. 2006). Thus it is clear *no* evidence, much less a preponderance, supports the legitimacy of a claim exceeding $75,000, and so the Court will grant Plaintiff's Motion to Dismiss Count IV and remand this matter for lack of jurisdiction. James Neff Kramper Family Farm, 393 F.3d at 831.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion under Rule 41 to Dismiss Count IV of the Complaint (Doc. No. 9) is **GRANTED**, and Count IV of Plaintiff's Complaint is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (Doc. No. 10) is **GRANTED**, and this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri. An appropriate Order of Remand will accompany this Order.

Dated this 23rd day of July, 2010.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE